IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA LEE HOSKINS,
#R-54570,

      Plaintiff,

vs.                                                  Case No. 17-cv-1121-MJR

WILLIAM SPILLER,
SARAH WOOLEY,
NATHAN WARD,
KENT BROCKMAN,
MICHAEL KEYS,
KIMBERLY BUTLER,
KELLY PIERCE,
REVA ENGELAGE,
AIMEE LANG,
CHAD FREIDRICH,
JOEL SLAVENS,
LEE GREGSON,
NICHOLE MARSHALL, and
YVETTE BAKER,

      Defendants.

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

This matter is before the Court for case management. On January 2, 2017, the Court conducted a preliminary review of Plaintiff's Complaint pursuant to § 1915A. (Doc. 8). The Court divided the action into 10 counts. Counts 1 through 4 were referred for further review, Counts 5 through 8 were dismissed, and Counts 9 through 10 were severed into a new action. The Court also dismissed 8 defendants, without prejudice, because Plaintiff failed to include them in the case caption or list of defendants. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied]

in the caption"). Upon further review, the Court has determined that 3 of these individuals – Officer Bump (identified as C. Bump in the case caption), Shaun Gree or Ghee (identified as S. Gree in the case caption), and Sara Johnson (identified as S. Johnson in the case caption) were actually identified as defendants in the case caption. Due to an oversight, however, these individuals had not been identified as defendants in the Court's docket and the Court failed to identify this oversight when conducting its preliminary review. Accordingly, it was error for the Court to dismiss Defendants Officer Bump (hereinafter, Bump), Shaun Gree or Ghee (hereinafter, Gree), and Sara Johnson (hereinafter, Johnson) pursuant to *Myles*.

In light of this error, the Court, *sua sponte*, deems it appropriate to amend its prior order by interlineation. The Court has reviewed the allegations in the Complaint as they pertain to Defendants Bump, Gree, and Johnson. Considering these allegations, the Court revises its referral order as follows.

**Bump and Gree**

Counts 1, 2, 3, and 4 shall *also* proceed as to Defendants Bump and Gree.

**Johnson**

The Complaint fails to state a claim as to Johnson. Plaintiff claims that Johnson, the Chair of the Administrative Review Board, violated his rights by denying his grievances and/or failing to overturn the allegedly false disciplinary ticket and conviction. Generally, the denial of a grievance – standing alone – is not enough to violate the United States Constitution. *See, e.g., George v. Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons

who otherwise did not cause or participate in the underlying conduct states no claim."). *See also Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428-29 (7th Cir. 2017) ("inaction following receipt of a complaint about someone else's conduct is not a source of liability"). Nonetheless, a grievance official may be subject to liability for deliberate indifference if he or she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996).

Here, the claims pertaining to Johnson suggest nothing more than the denial of a grievance by an individual who was not involved in the underlying constitutional violation. There is no indication that Johnson is subject to liability under the standard articulated in *Perez* or related authority. As such, Plaintiff's claims pertaining to Johnson fall short of stating a constitutional claim.

## Disposition

The Court **DIRECTS** the Clerk of the Court to amend the docket sheet by adding **BUMP, GREE, AND JOHNSON** as defendants in CM/ECF.

**IT IS ORDERED** that Counts 1, 2, 3, and 4, shall *also* receive further review as to **BUMP** and **GREE.**

**IT IS FURTHER ORDERED** that claims directed against **JOHNSON** are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. The Clerk of the Court is **DIRECTED** to terminate **JOHNSON** as a party in CM/ECF.

With respect to **COUNTS 1, 2, 3,** and **4,** the Clerk of Court shall prepare for **BUMP** and **GREE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).

The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), a copy of the original Referral Order (Doc. 8), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS SO ORDERED.**

**DATED: January 5, 2018**

s/ MICHAEL J. REAGAN
**CHIEF JUDGE**